IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUAN MEDINA                                                                                    PLAINTIFF

V.                                              4:09CV00834 JMM

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY                                                                  DEFENDANT

## ORDER

Pending are Plaintiff's motions for Order granting discovery and a non-ERISA scheduling order and to stay. (Docket #'s 7 and 13). Plaintiff asks the Court to allow discovery on the Defendant's counterclaim in addition to discovery on the *Glenn* factors in order to determine the appropriate standard of review.

Plaintiff seeks reinstatement of long-term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et. seq. Relying on *Metropolitan Life Ins. Co. v. Glenn*, ____ U.S. ____, 128 S.Ct 2343 (2008), Plaintiff claims that because Hartford not only pays the claims, but also decides the claims, the Court should allow discovery in order to determine the appropriate standard of review to be applied to the case. In *Glenn*, the United States Supreme Court held that a conflict of interest exists when a plan administrator both evaluates clams for benefits and pays benefits claims, and that the conflict should "be weighed as a factor in determining whether there is an abuse of discretion." *Id*. at 2350. *Glenn* did not create special procedural or evidentiary rules focused on this conflict. *Id*.

In *Chronister v. Unum Life Ins. Co. of America*, 563 F. 3d 773, 775 n.2 (8th Cir. 2009), the Court noted that it was not faced with deciding whether *Glenn* changed the discovery limitations in ERISA cases. Accordingly, under existing Eighth Circuit law, a plaintiff is

required to show good cause to permit discovery in an ERISA case where no conflict of interest is apparent from the administrative record. *See Kendel v. Zurich American Ins. Co.*, 2009 WL 3063363 (E.D.Ark. 2009) *citing*, *Menz v. Procter & Gamble Health Care Plan*, 520 F. 3d 865 (8th Cir. 2008).

Plaintiff has failed to demonstrate good cause to conduct discovery relating to the conflict of interest. Thus, Plaintiff will not be allowed to conduct discovery on this issue. The Court will allow Plaintiff to conduct limited discovery regarding the counterclaim filed by Hartford.

The parties will be allowed forty-five days to conduct this limited discovery. The Court will issue an amended ERISA scheduling order setting forth the briefing schedule to follow.

Accordingly, Plaintiff's motion for discovery, docket #7, is granted in part and denied in part. Plaintiff's motion to stay, docket # 13 is denied as moot.

IT IS SO ORDERED this 25th day of January, 2010.

James M. Moody
United States District Judge